UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BETTY MCCULLEY, | ) |
| | ) |
| Movant, | ) |
| | ) |
| v. | ) No. 4:05-CV-1179 CAS |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Betty McCulley's pro se motion to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255. The government has responded to the motion. The Court will deny the motion for the reasons set forth below.

## I.  BACKGROUND

On May 18, 2004, by leave of court, McCulley withdrew her former plea of not guilty and entered a plea to count II of the indictment, felon in possession of a firearm. As part of the plea agreement, the government agreed to dismiss count one, possession of five grams or more of cocaine base with the intent to distribute. On August 5, 2004, this Court sentenced McCulley to a term of 63 months imprisonment followed by two years supervised release. United States v. McCulley, 4:03-CR-412.

McCulley filed the instant motion pursuant to 28 U.S.C. § 2255, claiming she received ineffective assistance of counsel for failing to object to the four level enhancement set out in the plea agreement and subsequently applied by this Court. McCulley further challenges her conviction under United States v. Booker, 543 U.S. 220 (2005).

## II. DISCUSSION

To prevail on an ineffective assistance of counsel claim, petitioner must show that counsel's performance was deficient and that he was prejudiced by the deficient performance. See McReynolds v. Kemna, 208 F.3d 721, 722 (8th Cir. 2000) (citing Strickland v. Washington, 466 U.S. 668, 687 (1984)). "Counsel's performance was deficient if it fell outside the wide range of professionally competent assistance." McReynolds, 208 F.3d at 723 (internal quotations and citations omitted). Prejudice is shown if there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.

To prevail on a claim of ineffective assistance of counsel, a habeas petitioner must show that counsel failed to exercise reasonable diligence and skill, and that petitioner was prejudiced thereby. Burkhalter v. United States, 203 F.3d 1096, 1097 (8th Cir. 2000) (citing Strickland v. Washington, 466 U.S. 668, 687 (1984)); Bounds v. Delo, 151 F.3d 1116, 1119 (8th Cir. 1998) (same). Under the deficient performance inquiry of Strickland, a court considers whether counsel's performance was reasonable "under prevailing professional norms" and "considering all the circumstances." Burkhalter, 203 F.3d at 1098 (quoting Strickland, 466 U.S. at 688). It is presumed that counsel acted reasonably, and much deference is granted to counsel's performance. Id.; see Parkus v. Bowersox, 157 F.3d 1136, 1139 (8th Cir. 1998).

McCulley's claim that she received ineffective assistance of counsel for failing to object to the four level enhancement set out in the plea agreement must fail. First, McCulley agreed that four-level enhancement pursuant to § 2K2.1(b)(5) because she "possessed any firearm . . . in connection with another felony offense." (Plea Agreement at 6.) McCulley received a substantial benefit from

2

her plea agreement. McCulley was originally charged in count I of the indictment with possession of five grams or more cocaine base (crack) with the intent to distribute. Count II charger her with the offense of felon in possession of a firearm. McCulley had previously been convicted of felony offenses including sale of a controlled substance and assault in the second degree. Consequently, had the government not dismissed count I, McCulley would have been a career offender as defined in U.S.C. G. § 4B1.1(b)(B) with an offense level of 34 and a criminal history of category of VI. The benefit of the bargain based on McCulley's and plea counsel's negotiations resulted in a base offense level of 28, 25 with acceptance of responsibility, and a criminal history category of II, resulting in a guidelines range of 63-78 months. Had McCulley been liable for count I, her base offense level would have been 34, or 31 with acceptance of responsibility, and a criminal history category of VI. In other words, as result of the plea agreement, McCulley's guidelines range was 63-78 months, rather than 262-327 months (level 34) or 188-235 months (level 31).

The Court rejects McCulley's apparent argument that the four-level enhancement amounts to being punished twice for the same crime because she pled guilty to felon in possession of a firearm and received a four level enhancement for possessing said firearm in connection with numerous felony drug offenses. Finally, at the time of her plea, McCulley stated she discussed all possible defenses with plea counsel, (Plea Agreement at 15), and that she was pleading guilty because she was guilty as charged. (Doc. 39. Plea Transcript at 10). In her Plea Agreement, McCulley agreed that she was fully satisfied with the representation she received from defense counsel. The record also establishes McCulley discussed potential enhancement with plea counsel. McCulley executed a waiver of rights and consent to apply the U.S. Sentencing Guidelines. (United States v. McCulley, 4:03-CR-412. Doc. 33) At sentencing, this Court confirmed that McCulley

executed said waiver in exchange for the possession of a stolen firearm. (Id. Doc. 40 Sentencing Transcript at 2). Therefore, for all of the foregoing reasons, McCulley's claim will be denied.

McCulley next challenges her conviction under United States v. Booker, 543 U.S. 220 (2005). The rule announced in Booker does not apply retroactively to cases on collateral review. Never Misses A Shot v. United States, 413 F.3d 781, 783-84 (8th Cir. 2005) (per curiam). Here, the Court entered judgment in McCulley's case on August 5, 2004, while Booker was decided in 2005. Accordingly, McCulley's Booker claim fails.

Moreover, McCulley agreed to the guideline applications, received a benefit to her agreement, and subsequently executed a waiver of rights and consent to apply the guidelines. A valid appeal waiver encompasses any claims of error under Booker. See United States v. Reeves, 410 F.3d 1031, 1034-35 (8th Cir. 2005) (unless expressly reserved, right to appellate relief under Booker is among rights waived by valid appeal waiver; plea prior to Booker is not rendered involuntary or unintelligent simply because implications of holding were not known at time of plea), cert denied, 126 S.Ct. 469 (2005).

### III. CONCLUSION

For all of the above reasons, Betty McCulley's § 2255 motion will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Betty McCulley's motion to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255 is **DENIED.** (Doc. 1)

**IT IS FURTHER ORDERED** that McCulley's motion to compel is **DENIED**. (Doc. 4)

**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this 30th day of March, 2006.

4